IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:04CV014-V

| | |
|---|---|
| ANTHONY HARRIS and ANGELA DAVIS, ) ) ) Plaintiffs, ) ) vs. ) ) HILLCREST FOODS, INC., and ) WAFFLE HOUSE, INC., ) ) Defendants. ) ) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on "Defendant Hillcrest Foods, Inc.'s Motion for Protective Order" (document #29) and "... Memorandum ... in Support ..." (document #30), both filed December 21, 2004; and the Plaintiffs' "Motion to Compel ..." (document #36) and "Response to Defendant's ... Motion for Protective Order and Memorandum in Support of Motion to Compel" (document #37), both filed February 8, 2005.

On March 8, 2005, the Defendant Hillcrest Foods, Inc. filed its "Reply Brief in Support of ... Motion for Protective Order and in Opposition to ... Motion to Compel" (document #40).

The Plaintiffs have not filed a reply in support of their Motion to Compel and the time for filing a reply brief has expired.

These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and are now ripe for the Court's consideration.

Having carefully considered the parties' arguments, the record, and the applicable authority, the undersigned will <u>grant in part and deny in part</u> the "Defendant Hillcrest Foods, Inc.'s Motion

for Protective Order" (document #29) and will <u>grant</u> the Plaintiffs' "Motion to Compel ..." (document #36), as discussed below.

## I. FACTUAL AND PROCEDURAL HISTORY

This is an action seeking damages and equitable relief for refusal of service by a place of public accommodation, that is, a restaurant, based on race in violation of 42 U.S.C. §§ 1981 and 2000a. The Plaintiffs, Anthony Harris and Angela Davis, who are African-American, are citizens of Mecklenburg County, North Carolina. The Defendant Hillcrest Foods, Inc. ("Hillcrest"), a Georgia corporation, is a franchisee of Waffle House, Inc., also a Georgia corporation.

Hillcrest owns and operates approximately 51 Waffle House restaurants (referred to by Hillcrest as "Units") in Georgia and North and South Carolina, including the Waffle House restaurant located at 3309 Mulberry Church Road, Charlotte, North Carolina ("the restaurant"). Hillcrest divides it operations into its Georgia and Carolinas regions, and has 30 restaurants in the Carolinas region. Each region is similarly divided into districts.

For the purposes of the subject motions, the parties agree that Hillcrest's customers can lodge complaints, whether concerning something as minor as not having enough napkins at a table up to charges of discrimination, by speaking to employees at one of its restaurants or calling a corporate hotline. Complaints concerning poor service and/or food quality generally are referred to and investigated by the Unit Manager and, in some instances, a District Manager. Customer complaints of racial discrimination, however, are investigated by the Regional Manager, in this case, the manager of Hillcrest's Carolinas region (whose identity is not disclosed in the record).

The Plaintiffs allege that at 2:30 a.m. on January 21, 2002, they entered the restaurant and

placed a "to go" order. After waiting more than 25 minutes and seeing four white customers enter the restaurant, be seated, order, and receive their meals, Mr. Harris approached a waitress, who is white, and inquired about the Plaintiffs' order. The waitress allegedly responded by telling the Plaintiffs to leave if they did not want to continue waiting. The Plaintiffs allege that a few moments later, the cook, who is white, whispered something to the Defendant's uniformed security officer, a white male, who then told the Plaintiffs to leave the premises.

The Plaintiffs allege that they then went outside the restaurant intending to leave in Ms. Davis' vehicle, but the security officer followed them and threatened to "take Mr. Harris to jail." When Mr. Harris continued to walk away, the security officer allegedly sprayed pepper spray in Mr. Harris' face and slammed him into the side of another vehicle parked in the parking lot. Charlotte-Mecklenburg Police Department officers arrived at the scene within a few minutes and arrested Mr. Harris for second degree trespass and resisting a public officer.

As Hillcrest admits in its Answer, on March 25, 2002, all charges against Mr. Harris were dismissed by the Mecklenburg County District Court.

On January 15, 2004, the Plaintiffs filed their Complaint, alleging claims under 42 U.S.C. §§ 1981 and 2000a.

In its Answer, Hillcrest raised several affirmative defenses, including in its Third Affirmative Defense that it had no "actual or constructive notice of any unlawful action or inaction committed against the Plaintiffs ... [and that] Hillcrest exercised reasonable care to prevent and correct promptly the alleged improper behavior."

On June 18, 2004, the Plaintiffs served their First Set of Interrogatories and Document Requests on Hillcrest, which included discovery requests seeking information concerning all

3

customer complaints, verbal or written, of any type, at any of Hillcrest's restaurants, on or after January 21, 1999, that is, three years prior to the incident at issue herein.

On July 21, 2004, Hillcrest served its responses to the Plaintiffs' discovery requests and raised objections to their scope as unduly burdensome and irrelevant. Counsel have exchanged multiple letters and met to discuss discovery issues twice, most recently, on November 5, 2004, but were unable to resolve certain areas of disagreement, discussed below.

On November 12, 2004, the Plaintiffs filed a "Notice of Rule30(b)(6) Deposition" on Hillcrest.

On December 21, 2004, Hillcrest filed its Motion for Protective Order, seeking: (1) to limit the scope of discovery concerning customer complaints to formal complaints of racial discrimination at the restaurant on Mulberry Church Road, and (2) to place a temporal limit on discovery to events occurring or information/documents created within two years before the Complaint was filed, that is, on or after January 15, 2002, only one week prior to the incident in question.

On February 8, 2005, the Plaintiffs filed their Motion to Compel in which they narrow the scope of their discovery requests to documented customer complaints at any of the 30 restaurants in the Carolinas region, but request that any temporal limit on discovery be no later than January 15, 1999. The Plaintiffs allege, and Hillcrest does not dispute, that all documents related to customer complaints in the Carolinas region for the years in dispute, 1999-2001, are already organized and maintained separately from Hillcrest's other records, and in the aggregate fill only slightly more than one "standard-size box," that is, "a box the size [of boxes that hold] reams of [copier] paper."

In their brief, the Plaintiffs also allege that about three weeks prior to the subject incident, Michael Smith, another African-American customer at the restaurant on Mulberry Church Road, was

4

subjected to similar, racially-based behavior by Hillcrest's employees.

In sum, the parties' motions present three issues concerning the scope of discovery: (1) whether Hillcrest must answer interrogatories, produce documents, and give deposition testimony concerning documented customer complaints or only complaints filed by African-Americans that Hillcrest has previously determined to be complaints of racial discrimination, (2) whether such responses, production, and testimony will include all such complaints concerning any restaurant in the Carolinas Region or only those complaints concerning the specific restaurant at issue, and (3) whether the temporal scope of all discovery should be limited to events occurring and information/documents created one week or three years prior to the subject incident.

The parties' motions have been briefed as set forth above and are, therefore, ripe for determination.

## II. DISCUSSION

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a litigant is not entitled to conduct discovery that is intended to harass, annoy, embarrass, or oppress the opposing party. See Fed. R. Civ. P. 26©.

5

Whether to grant or deny a motion to compel is generally left within the district court's broad discretion. See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting district court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

Concerning temporal limits on discovery, where the defendant's actual or constructive knowledge of previous, allegedly-similar events was at issue, courts have allowed discovery for time periods similar to the period that the Plaintiffs seek in this case. Accord Marens v. Carrabba's Italian Grill, Inc., 196 F.R.D. 35, 40-41 (D. Md. 2000) (in employment discrimination case, ordering production of documents of similar incidents occurring within five year period preceding plaintiff's termination); Kresefky v. Panasonic Communications and Sys.Co., 169 F.R.D. 54, 65 (D.N.J. 1996) (allowing discovery of similar events two years prior to plaintiff's termination); and Spell v. McDaniel, 591 F. Supp. 1090, 1114 (E.D.N.C. 1984) (compelling discovery concerning allegations of unlawful use of force for three year period prior to alleged use of force that was subject of complaint).

At the outset, the Court notes that by affirmatively pleading that it had neither actual nor constructive knowledge of and took reasonable measures to prevent the type of behavior that is the subject of the Complaint, Hillcrest has placed at issue its policies, procedures, and practices concerning customer complaints of discrimination, including its investigation of and measures taken in response to those complaints, a task performed by its Regional Managers.

However, prior to referring a complaint to a Regional Manager for investigation, other

6

Hillcrest personnel, either in a restaurant or the main corporate office, make a determination as to whether the complaint is race related. The heart of the Plaintiffs' § 1981 and 2000a claims is not the security officer's alleged assault on Mr. Harris, but Hillcrest's employees' alleged unwillingness to serve African-American customers all the while serving white customers. Accordingly, as the Plaintiffs point out in their brief, a complaint by an African-American customer of "slow service," even if not labeled by Hillcrest as a racial discrimination complaint, reasonably could lead to discovery of admissible evidence concerning the Plaintiff's claims and Hillcrest's defenses. Therefore, the undersigned will not limit the Plaintiff's discovery to complaints that Hillcrest initially labeled as complaints of racial discrimination, but will permit discovery, within the geographic and temporal scope discussed below, of all documented customer complaints.

Moreover, in evaluating the reasonableness of Hillcrest's investigation and response to complaints of discrimination, the Plaintiff should not be limited to complaints arising only at the restaurant on Mulberry Church Road. To the contrary, the Plaintiff certainly is entitled to conduct discovery that reasonably could reveal admissible evidence that would impeach the testimony of Hillcrest's Carolinas Regional Manager, the primary investigator of such complaints, concerning Hillcrest's efforts to prevent and correct racial discrimination. Accordingly, the Plaintiff may conduct discovery concerning complaints throughout that manager's area of responsibility, the 30 restaurants that Hillcrest operates in North and South Carolina.

Finally, the parties dispute what temporal limit should be placed on discovery, with Hillcrest seeking to prevent discovery of any event occurring and information or documents created before January 15, 2002, one week prior to the incident at issue herein. Where Hillcrest affirmatively pleads that it was taking reasonable efforts to prevent acts of racial discrimination prior to the events

7

at issue in this lawsuit, to limit the Plaintiff's discovery to the previous week is unwarranted. Indeed, the Plaintiffs credibly allege the occurrence of at least one similar incident more than one week prior to their visit to the restaurant, and they are otherwise entitled to conduct meaningful discovery of Hillcrest's pre-existing practices, policies, and procedures. In light of the relatively small burden that such discovery will place on Hillcrest, that is, responsive documents for years 1999-2001 are already kept separately from other records and fill little more than one box, the undersigned will require Hillcrest to respond to discovery requests directed at events occurring and information or documents created on or after January 15, 1999.

### III. ORDER

**NOW, THEREFORE, IT IS ORDERED:**

1. "Defendant Hillcrest Foods, Inc.'s Motion for Protective Order" (document #29) is **GRANTED IN PART** and **DENIED IN PART** and the Plaintiffs' "Motion to Compel ..." (document #36) is **GRANTED**, that is:

    a. Discovery of customer complaints shall be limited to documented complaints of any type in Hillcrest's Carolinas Region;

    b. Discovery shall be limited temporally to events occurring and information or documents created on or after January 15, 1999;

    c. <u>Within the above-stated limits, Defendant Hillcrest shall serve complete supplemental responses to the Plaintiffs' First Set of Interrogatories and Document Requests on or before May 1, 2005; and as noticed by the Plaintiffs' November 12, 2004 "Notice of Rule 30(b)(6) Deposition" shall make an appropriate corporate representative or representatives available for deposition at a date and</u>

8

time mutually agreeable to the parties, but no later than June 1, 2005.

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties; and to the Honorable Richard L. Voorhees.

**SO ORDERED,** this 31st day of March, 2005.

*/s/ Carl Horn, III*
**CARL HORN, III**
**U.S. Magistrate Judge**

United States District Court
for the
Western District of North Carolina
March 31, 2005

* * MAILING CERTIFICATE OF CLERK * *

Re: 3:04-cv-00014

True and correct copies of the attached were mailed by the clerk to the following:

Patrick D. Sarsfield II, Esq.
Nexsen, Pruet, Jacobs & Pollard, L.L.P.
201 South Tryon St.
Suite 1200
Charlotte, NC  28202

Brian W. Barrett, Esq.
Seyfarth Shaw, LLP
55 East Monroe St.
Suite 4200
Chicago, IL  60603-5803

Sari M. Alamuddin, Esq.
Seyfarth Shaw, LLP
55 East Monroe St.
Suite 4200
Chicago, IL  60603-5803

Gerald L. Maatman Jr., Esq.
Baker & McKenzie
130 E. Randolph Dr.
Suite 3300, One Prudential Plaza
Chicago, IL  60601

Theresa E. Yelton, Esq.
Troutman Sanders
600 Peachtree St., NE
Suite 5200
Atlanta, GA  30308-2216

David E. Slovensky, Esq.
Troutman Sanders
600 Peachtree St., NE
Suite 5200
Atlanta, GA  30308-2216

Richard Gerakitis, Esq.
Troutman Sanders
600 Peachtree St., NE
Suite 5200
Atlanta, GA  30308-2216

Dorothy W. Stark, Esq.
Poyner & Spruill
One Wachovia Center
301 South College St.
Suite 2300
Charlotte, NC 28202-6039

Parmele P. Calame, Esq.
Poyner & Spruill
One Wachovia Center
301 South College St.
Suite 2300
Charlotte, NC 28202-6039

Thomas J. Barton, Esq.
Drinker Biddle & Reath
18th & Cherry Streets
One Logan Square
Philadelphia, PA 19103-6996

Wendelyn L. Pizer, Esq.
Drinker, Biddle & Reath, LLP
1500 K St., N.W.
Suite 1100
Washington, DC 20005-1209

Gerald S. Hartman, Esq.
Drinker, Biddle & Reath, LLP
1500 K St., N.W.
Suite 1100
Washington, DC 20005-1209

Henderson Hill, Esq.
Ferguson, Stein, Chambers, Adkins, Gresham & Sumter
741 Kenilworth Ave.
Suite 300
Charlotte, NC 28204

Luke Largess, Esq.
Ferguson, Stein, Chambers, Adkins, Gresham & Sumter
741 Kenilworth Ave.
Suite 300
Charlotte, NC 28204

Carolyn P. Weiss, Esq.
Washington Lawyers' Committee for Civil Rights
and Urban Affairs
11 Dupont Circle, NW
Suite 400
Washington, DC 20036

Susan E. Huhta, Esq.
Washington Lawyers' Committee for Civil Rights
and Urban Affairs
11 Dupont Circle, NW
Suite 400
Washington, DC 20036

```
cc:
Judge                        (X)
Magistrate Judge             ( )
U.S. Marshal                 ( )
Probation                    ( )
U.S. Attorney                ( )
Atty. for Deft.              ( )
Defendant                    ( )
Warden                       ( )
Bureau of Prisons            ( )
Court Reporter               ( )
Courtroom Deputy             ( )
Orig-Security                ( )
Bankruptcy Clerk's Ofc.      ( )
Other_____        ( )
```

Date: 3-3-05

Frank G. Johns, Clerk
By: _____
     Deputy Clerk